We think we made proper disposition in the original opinion of bill of exception No. 4.

As to bill of exception No. 5, which relates to the argument of the district attorney, and which was discussed in the original opinion, we find that the trial court did not certify that the argument was made; but, on the contrary, he qualifies the bill of exception with the statement that he had "no recollection whatever" of the district attorney having made the argument as set out in the bill. In Clayton v. State, 108 Tex.Cr.R. 19, 298 S.W. 601, 603, this court said: "In qualifying this bill, the court states that he is unable to recall any such argument made by the district attorney relative to the grand jury, and that the district attorney denied having made any such statement." The court held in Clayton's case that the bill, as qualified, was equivalent to no bill at all in that the trial court failed to certify that the argument complained of was actually made. In 4 Texas Jurisprudence, 389, it is said: "A bill of exceptions complaining of the argument or remarks of the attorney for the state must, of itself, manifest the error complained of. Accordingly, it must set out as a fact that the language complained of was used. * * *."

Appellant filed her application for a suspended sentence. She contends that, notwithstanding she failed to except to the charge of the court and brought no bill of exception forward complaining of any omission from the charge, that she was entitled to have the term "good behavior" defined. If it should be conceded that it would have been proper to have given the charge—and this is not conceded—this court is in no position to review the question. Article 658, C.C.P., Vernon's Ann. C.C.P. Art. 658, provides, in part, that before the charge is read to the jury objections thereto shall be made in writing and that the grounds of objection shall be distinctly specified. Article 666, C.C.P., reads, in part, as follows: "All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

We have carefully considered all questions presented in the motion for rehearing and are of opinion that reversible error is not presented.

The motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## GORDON v. STATE.
### No. 21443.

Court of Criminal Appeals of Texas.

Feb. 12, 1941.

818

T. O. Murray, of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for unlawfully driving an automobile upon the public highway while intoxicated. The penalty assessed is a fine of $50 and confinement in the county jail for a term of five days.

The record is before us without a statement of facts or bills of exception. Appellant entered a plea of guilty to the offense charged in the indictment. Consequently there is nothing presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.